UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY R. BRADLEY, | : CIVIL ACTION NO. 3:CV-15-2514 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| Captain HARRIS, et al., | : |
| Defendants | : |

## MEMORANDUM

## I. BACKGROUND

On December 31, 2015, Tracy R. Bradley, an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint).

On February 2, 2015, prior to a responsive pleading being filed, Plaintiff filed a motion to amend his complaint. (Doc. 13). By Order dated February 4, 2016, Plaintiff's motion to amend was granted and Plaintiff was directed to file an amended complaint within twenty-one (21) days of the date of the Court's Order. (Doc.16).

On February 9, 2016, Plaintiff filed an amended complaint, and then over the course of the month proceeded to file seventeen (17) additional documents identified as status reports, letters, letters in lieu of more formal documents, and documents to state what his argument will be. (See Docs. 19-30, 32-37).

Presently before the Court is Defendants' motion for a more definite statement. (Doc. 48). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, Defendants' motion for a more definite statement will be granted.

## II. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a "pleading that states a claim for relief" contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 8(d) requires each allegation of the pleading to be "simple, concise, and direct." "'Taken together,' Rules 8(a) and 8(d)(1) 'underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir.

2011) (quoting In re: Westinghouse, Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996)).

## III. Discussion

Defendants ague that Bradley's amended complaint, although drafted on a form to be used by prisoners when filing civil rights action, contains four (4) additional handwritten pages of allegations, written in narrative form. Moreover, Plaintiff's submissions, subsequent to the filing of his amended complaint, which raise additional factual allegations and legal claims not asserted in the amended complaint, are also all single-spaced, handwritten documents, drafted in narrative form. Defendants argue that they cannot adequately address the allegations contained within all of these documents as, in many instances, Plaintiff's handwriting is difficult to read, making it hard to decipher the claims being asserted. The Court agrees.

None of Plaintiff's filings (Doc. 1, 21-30, 32-40, 43-47) form one cohesive complaint. This piecemeal filing of a complaint is not acceptable. If the Court were to accept Plaintiff's documents as one complaint, it would be difficult, to attempt to (1) define all the claims; (2) delineate the Defendants, and how each is alleged to be involved with each claim; and (3) establish the facts upon which plaintiff relies to support each claim. Fed. R. Civ. P. 8(a) would not require that the Defendants, or the Court, review the "complaint" in its present form. However, as Bradley is proceeding pro se, the Court will grant the Defendants' motion for a

more definite statement, and give the Plaintiff another opportunity to file a singular, complete, amended complaint for the Court and parties to review and screen pursuant to 28 U.S.C. §1915.  Bradley is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

    A separate Order will be issued.


Dated: October 26, 2016          /s/ William J. Nealon  
                                        **United States District Judge**